### In re Billie Lynn MURRAY, Debtor.

### No. 8:10–bk–01525–MGW.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 6, 2010.

Joel B. Fein, Brandon, FL, for Debtor.

## ORDER GRANTING MOTION FOR RE-HEARING, VACATING LIEN AVOIDANCE ORDER, AND DENYING MOTION TO AVOID JUDGMENT LIEN

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

THIS CASE came on for hearing on November 16, 2010 ("Hearing") on the Motion for Rehearing on Order Granting Verified Motion to Avoid Judgment Lien (Doc. No. 30) ("Motion for Rehearing") filed by The Foster Law Group ("Foster"). Foster seeks to vacate the Order Granting Verified Motion to Avoid Judgment Lien (Doc. No. 27) ("Lien Avoidance Order") in which this Court granted the Debtor's Verified Motion to Avoid Judgment Lien on Debtor's Homestead Real Property (Doc. No. 24) ("Lien Avoidance Motion").

The Court originally granted the Lien Avoidance Motion without a hearing, in part, because the Debtor filed it using the negative notice provisions prescribed in Local Rule 2002–4 and no interested party, including Foster, filed a timely objection. At the Hearing, however, Debtor's counsel acknowledged that the Lien Avoidance Motion had not been properly served on Foster because of an error in Foster's mailing address. Accordingly, the Court finds it appropriate to grant the Motion for Rehearing, vacate the Lien Avoidance Order, and address the Lien Avoidance Motion on its merits.

### The Merits of the Lien Avoidance Motion

The Debtor asks this Court to void Foster's attorney's charging lien ("Charging Lien") that attached to real property the Debtor claimed as exempt homestead in her bankruptcy case.[1] According to the Debtor, the Charging Lien is voidable un-

---

1. The subject property is located at 17806 St. Lucia Isle Drive, Tampa, Florida 33647 and is more particularly described as:

der 11 U.S.C. § 522(f) because it is a judicial lien that impairs an exemption to which she is entitled. For the following reasons, the Court finds that the Charging Lien is not a judicial lien and that the Lien Avoidance Motion should be denied on its merits.

■ As a preliminary matter, the Court first notes that the state court judge ("State Court") who presided over the Debtor's marital dissolution proceedings granted the Charging Lien to Foster through the entry of an Order on Amended Notice and Motion for Charging Lien (Doc. No. 24, Ex. A) ("State Court Order").[2] Under principles of res judicata and the *Rooker–Feldman* doctrine, this Court will not review the underlying merits of the Charging Lien. *See In re Zoernack,* 289 B.R. 220, 224–230 (Bankr. M.D.Fla.2003). Instead, this Court will, under the Full Faith and Credit Act, 28 U.S.C. § 1738, accord the State Court Order "the same preclusive effect that it would be accorded by the rendering state court." *Id.* at 226. If effect, this Court will accept the State Court's prior determination that the Charging Lien is valid.

■ Next, the Court notes that a lien is avoidable under 11 U.S.C. § 522(f)(1)(A) if it impairs an exemption to which the debtor is entitled and it is a judicial lien as defined in § 101(36). There is no question in this case that the Charging Lien attaches to and thus impairs the Debtor's exempt homestead property. The remaining question is whether the Charging Lien is a judicial lien under the Bankruptcy Code. Contrary to the Debtor's assertion, the Eleventh Circuit has determined that under Florida law, a valid attorney's charging lien is not a judicial lien:

> Lot 16, Block 4, Cory Lake Isles Phase 1 Unit 2, as per plat thereof, recorded in Plat Book 73, Page 6, of the Public Records of Hillsborough County, Florida. Parcel Identification Number: 059396.0702.

[A] *valid* attorney's charging lien under Florida law arises by operation of law in advance of judicial proceedings and thus is not "obtained by judgment" as required for a judicial lien pursuant to § 101(36) of the Bankruptcy Code.

*In re Washington,* 242 F.3d 1320, 1325 (11th Cir.2001) (emphasis in original). Having already accepted the State Court's determination that the Charging Lien is valid, the Court concludes that it is not a judicial lien and cannot be avoided under § 522(f)(1)(A).

■ Finally, the parties have advised the Court that the Debtor recently sold the subject homestead property and that the title company, Sunbelt Title Agency, is currently holding the sale proceeds in escrow ("Sale Proceeds"). The Court finds that because the Charging Lien is not avoidable, it attaches to the Sale Proceeds. Accordingly, it is

**ORDERED:**

1. The Motion for Rehearing is GRANTED.

2. The Lien Avoidance Order is VACATED.

3. The Lien Avoidance Motion is DENIED.

4. Sunbelt Title Agency is hereby directed to pay to Foster from the Sale Proceeds $42,765.33 in accordance with the Charging Lien.

5. The Court reserves jurisdiction to enforce this Order.

**DONE** and **ORDERED.**

**2.** The State Court Order was entered on January 20, 2010, six days prior to the Debtor's filing of her bankruptcy petition on January 26, 2010.